UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD CONYEA VINCENT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:21 cv 00034 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Ronald Conyea Vincent, a person in federal custody. On July 11, 2019, Vincent plead guilty before this Court to the offense of Possession with Intent to Distribute Heroin. On October 3, 2019, this Court sentenced Vincent to the Bureau of Prisons for a term of 60 months.

**STATEMENT OF RELEVANT FACTS[1]**

Special agents with the United States Drug Enforcement Administration initiated an investigation into suspected drug trafficking activity being committed by Petitioner. As part of that on-going investigation, agents arranged a series of monitored, controlled purchases of suspected heroin from Petitioner in March 2017. At that time, Petitioner was on federal supervised release.

Specifically, on March 2, 2017, Petitioner distributed approximately three grams of heroin to another person in exchange for $450. On March 14, 2017, Petitioner distributed approximately

---

[1] The recitation of the factual basis for the plea is derived – nearly verbatim – from the Guilty Plea Agreement filed in conjunction with Petitioner's plea of guilty. *See* Cause No 4:18-CR-451 at Doc. 77. The Agreement was accepted by the Court. Docs. 76, 104.

1

three grams of heroin to another person in exchange for $450. On March 20, 2017, Petitioner distributed approximately three grams of heroin to another person in exchange for $450.

The suspected heroin was analyzed by a Drug Enforcement Administration forensic chemist. The substances were confirmed to be heroin, a Schedule 1 controlled substance drug, with a total weight of between approximately five and nine grams.

## STATEMENT OF RELEVANT PROCEDURAL HISTORY

On July 11, 2019, Petitioner appeared before this Court for a change of plea. *See* Cause No 4:18-CR-451 at Doc. 76. The change of plea was made in conjunction with the filing of a written Guilty Plea Agreement. *Id.* at Docs. 77, 78. At the start of the hearing, Petitioner was placed under oath, and was advised that "[his] answers to [the Court's] questions are subject to penalties of perjury if "he did not answer truthfully," to which he stated that he understood. *See* Doc. 106, Plea Hr'g Tr. at 3:7-10. Having sworn to tell the truth, Petitioner was asked a lengthy series of questions touching upon his competency to enter a plea, his understanding of the plea agreement, his understanding of his legal rights and the rights he would give up in entering a plea, and his understanding of the procedure that would be used to sentence. *Id.*

Critically, the Court explained not only the statutory penalties associated with the offense to which he entered a plea, but also made clear to the Petitioner that the Court could "impose a sentence against [Petitioner] that's above the guidelines." *Id.* at 11:1-5. The Court further clarified that the ultimate sentence would be based on "the full range of punishment, whether it's up to 20 years or whether it's 15 years to life, and then the

sentence to be imposed [would] be in [the Court's] discretion within those ranges of punishment." *Id.* at 12:3-8. The Petitioner indicated that he understood the Court's position. *Id.*

Prior to the sentencing hearing, a Presentencing Report was completed and provided to theCourt and counsel of record. Within the report, it was concluded that the Petitioner's criminal history was assessed a level three enhancement. *See* Cause No 4:18-CR-451, Sentencing Hr'g Tr. at 3:7-10 Doc. 104 at 3:14-24. On September 20, 2019, the Petitioner filed an Amended Objection to the Presentence Investigation Report. *Id.* at Doc. 85. The Petitioner argued that his prior conviction from 1998 should not have been included in his criminal history adding three criminal history points in calculating the sentencing guidelines. *Id.* at Doc. 85. On October 3, 2019, Petitioner's sentencing hearing was held. *Id.* at Doc. 95. During the hearing, the Court addressed the Petitioner's objections, and at the end sentenced the Petitioner outside the guideline, but within the statutory range, to 60 months' incarceration. *Id.* at Doc. 104 at 14:1-5.

Petitioner then appealed his sentence to the Eighth Circuit. The Petitioner raised four claims of procedural error: (1) that the District Court miscalculated the guideline range by counting Petitioner's 1998 conviction toward his criminal history score; (2) that the District Court failed to properly consider the Section 3553(a) factors when imposing his sentence; (3) that the District Court failed to offer an adequate explanation of its upward variance from the guideline range; and

(4) that the District Court improperly based its upward variance on opportunities for rehabilitation.

*See United States v. Vincent*, 835 F. App'x 149, 151–52 (8th Cir. 2020) (per curiam). The

Court of Appeals rejected all four claims and affirmed the District Court's ruling. *Id.*

Two months later, on January 5, 2021, the Petitioner filed the instant a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255. [Doc. 1]. Petitioner advances a single claim as the grounds for his Motion. *Id.* at 4, 12. Petitioner argues that his guideline range was miscalculated as his 1998 conviction "should not have been included in his criminal history category." *Id.* As discussed below, the Petitioner's claims are barred from litigation under the 28 U.S.C. Section 2255 code, and therefore, his Motion must be dismissed.

## LAW AND DISCUSSION

A Petitioner may seek relief pursuant to 28 U.S.C. Section 2255 in four instances: (1) on the grounds that the sentence imposed was in violation of the Constitution of the law of the United States; (2) a lack of jurisdiction to impose the sentence; (3) the sentence was outside the maximum authorized by law; (4) or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. In order to be granted relief under Section 2255, the Petitioner must demonstrate that the errors at issue amount to a complete miscarriage of justice. *Davis v. United States*, 417 U.S. 33 (1974).

"It is well-settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Green v. United States,* WL 760891, No: 1:09-CV-34 CAS, at *9 (E.D. Mo. March 7, 2012); *citing United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).

4

Here, as discussed above, the Petitioner's sole claim is that his sentence was miscalculated because the guideline range should not have included his 1998 conviction. This is one of the four arguments the Court of Appeals ruled on in its opinion. This filing is nothing more than the Petitioner's attempt to take a *third bite of the apple.* As the precedent clearly requires, decisions made by the Eighth Circuit on direct appeal cannot be disturbed in subsequent collateral proceedings. *Baranski v. United States*, 515 F.3d 857, 861 (8th Cir. 2008). *See* also *Shirley v. United States*, No. 11-00066-01-CR-W-FJG, 2013 WL 3270961, at *4 (W.D. Mo. June 27, 2013). (Rejecting identical claims where criminal history calculation arguments were found to have been previously raised and rejected by the Eighth Circuit).

Notably, within his supporting facts, the Petitioner points to a document titled the "Department of Corrections Adult Institutions Face Sheet," which indicates that he was given "508 days continuous jail time credit" and that his "adjusted release dates were changed from June 14, 2013 to July 23, 2002." [Doc. 1]. To the extent Petitioner's argument is based on new evidence not presented during the appeal, this claim was procedurally defaulted. To properly raise the issue, Petitioner must show both "cause" for failure to raise the issue during direct appeal and "actual prejudice" resulting from the error, or he must satisfy the actual-innocence exception. *Bousley v. United States*, 523 U.S. 614, 621 (1998).

Here, based on the Petitioner's own statements in his Motion, the document relied on was available on October 29, 2019—more than two months *prior* to the filing of his Appellant's brief. *See* Court of Appeals Cause No. 19-3179 entry date of December 31,

5

2019. This clearly demonstrates the Petitioner had ample time to bring this information to the Court's attention and failed to do so, thereby obviating any suggestion of "cause." Moreover, as the Court of Appeals already held that the District Court not only properly considered the Section 3553(a) factors when imposing his sentence but also provided "an adequate explanation of the upward variance *See United States v. Vincent*, 835 F. App'x 149, 151–52 (8th Cir. 2020) (per curiam). This confirms that Petitioner did not suffer any "actual prejudice", as a result of the alleged error. As such, the Petitioner's Motion must be dismissed by this Court as it has already been considered and rejected by the Eighth Circuit.

## CONCLUSION

For the foregoing reasons, this Court denies Vincent's § 2255 petition, without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Barnes has not made a substantial showing of the denial of a federal constitutional right.

Dated this 22nd day of April, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE